# Law Offices of David S. Barmak, LLC

David S. Barmak
Licensed in NJ, NY, PA and CT

Senders Direct Phone Line:
(609) 688-0055
Senders Direct Fax Line:
(609) 688-1199
Senders Email Address:
david@barmak.com

MAILING ADDRESS
Suite 103 #400, 1330 Route 206
Skillman, NJ 08558
(609) 688-0055
Website: www.barmak.com
Email: info@barmak.com

Main Office Location
1026 Route 518, Suite 240
Rocky Hill, NJ 08553

Branch Offices
Suite 2124
101 West 23rd Street
New York, NY 10010

142 E. Chestnut Hill Road
Litchfield, CT 06759

July 14, 2009

**Via EFC & Regular Mail**

The Honorable Michael A. Shipp
United States District Court - District of New Jersey
Martin Luther King Jr. Federal Building
  and United States Courthouse
50 Walnut Street
Newark, NJ 07102

    Re: Volpe *et al.* v. Alliance Hand and Physical Therapy, Inc.
         Case Number 2:08-cv-5481

Dear Judge Shipp:

This office represents the plaintiffs as captioned. In response to the scheduling notice for an Initial Conference on July 20, 2009, enclosed is a copy of the settlement agreement from the CEPA case (Volpe v. Alliance Hand and Physical Therapy, Inc., Docket No. BER-L-8516-08). As Your Honor can see, the settlement in the CEPA action is contingent upon the settlement of the Federal Qui Tam action (Docket No. 2:08-cv-5481). We are currently waiting for the consent of Alex Kriegsman, Assistant United States Attorney, as to the settlement of the Federal action. We, therefore, respectfully

request an adjournment of the Initial Conference scheduled for July 20th. We will notify Your Honor immediately when we hear from Mr. Kriegsman regarding settlement.

Very truly yours,<br>
LAW OFFICES OF DAVID S. BARMAK, L.L.C.<br>
<br>
David S. Barmak

DSB/rld
Enclosure
c:   John R. Dineen, Esq. – Via EFC and Regular Mail
     Alex Kriegsman, Esq., Asst. U.S. Attorney– Via Email and Regular Mail
     Ms. Tiffany Volpe – Via Email

<u>**Volpe v. Alliance Hand and Physical Therapy**</u>
BER-L-8516-08

**SETTLEMENT AGREEMENT**
May 8, 2009

1. The parties hereby agree to settle the wrongful termination claim in this matter as follows.

2. Payment of $55,000 (the "Settlement Proceeds") by Defendant Alliance Hand and Physical Therapy within 30 days. The Settlement Proceeds to be held in the trust account of plaintiff's counsel until all matters to which plaintiff is a party against any of the defendants in any other forum have been dismissed in their entirety. If such matters are not dismissed with prejudice within sixty days from the date hereof, plaintiff's counsel shall return the Settlement Proceeds to defense counsel and this agreement shall be null and void.

3. Conditions Precedent. Plaintiff shall notify the courts and prosecuting governmental authorities in any case to which plaintiff is a party against any of the defendants in any other forum that all plaintiffs will not prosecute these cases. This is a condition precedent to payment by Defendant Alliance Hand and Physical Therapy to plaintiff's attorneys trust account.

4. Conditions Precedent. Plaintiff will dismiss all counts in this case with prejudice prior to this settlement, except for the wrongful termination claim.

5. Condition Precedent. Payment is contingent upon Ken Mailly and Barry Inglett agreeing to dismiss any and all claims pending in any forum against any of the defendants.

6. The terms and conditions of this settlement are confidential.

7. Plaintiff will execute an appropriate employment law release of all claims known or unknown until today. This shall not prevent compliance with any compulsory requirement by a governmental entity to testify or give information when subpoenaed.

8. For three years, Plaintiff agrees not to bring any claims, participate, encourage, prosecute or assist any entity or person in claims against defendants like or similar to those presented to the cases resolved today or those pending in any other forum today. This shall not prevent compliance with any compulsory requirement by a governmental entity to testify or give information when subpoenaed.

9. For three years, Plaintiff's counsel agrees not to bring any claims, participate, encourage, prosecute or assist any entity or person in claims against defendants like or similar to those presented in the cases resolved today or those pending in

1

any other forum today. This shall not prevent compliance with any compulsory requirement by a governmental entity to testify or give information when subpoenaed.

10. Should any part of this Contract be declared invalid, illegal, or incapable of being enforced in whole or in part, this shall not affect the validity of any remaining portion, which shall remain in full force and effect as if this Contract had been executed with the invalid portion eliminated, and it is hereby declared the intention of the parties hereto that they would have executed the remaining portion of this Contract including therein any portion which may for any reason be declared invalid.

11. Defendants' counsel shall prepare a stipulation of dismissal and release.

12. By signing below, the respective signatories represent that they have actual and express authority to bind their respective parties hereto, and acknowledge that the other parties hereto are relying on that representation.

13. This is the entire agreement. Any changes must be in writing.

_____
Tiffany Volpe, Plaintiff

_____
David S. Barmak, Esq.

_____
John R. Dineen, Esq.
Counsel for Defendants, and on behalf of defendants Kenneth Weinkeauf, Kim McKelvey and Nisha Bhatt

_____
Keri Bratcher
Defendant

_____
Alliance Hand and Physical Therapy, Inc., Defendant
By: Pamela Muscara, President