**Law Offices of David S. Barmak, LLC**
Suite 103 #400
1330 Route 206
Skillman, NJ 08558
Attorney for Plaintiffs-Relators

---

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. TIFFANY VOLPE, KEN MAILLY and BARRY INGLETT,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIANCE HAND AND PHYSICAL THERAPY, INC.,<br><br>Defendant. | Civil Action No. 08-CV-5481 (DRD)<br><br>**NOTICE OF MOTION<br>TO DISMISS *QUI TAM* COMPLAINT** |

---

To: Alex Kriegsman, Assistant U.S. Attorney
U.S. Department of Justice
970 Broad Street, Suite 700
Newark, NJ 07102

John R. Dineen, Esq.
Netchert, Dineen & Hillman, Esqs.
294 Harrington Avenue, Suite 3
Closter, NJ 07624
Attorney for Defendant

**PLEASE TAKE NOTICE** that on April 5, 2010, the undersigned, as attorney for the Plaintiffs-Relators, will appear before the Judge then hearing motions at 9:00 AM, or as soon thereafter as counsel may be heard, at the United States Courthouse, Newark, NJ, for an Order compelling the Dismissal of the Complaint in the within matter

pursuant to 31 USCA § 3729 et seq. At the time and place aforesaid, we shall relay upon the Affidavit of Counsel attached.

Oral argument is waived unless opposition is presented, at which time oral argument is requested.

LAW OFFICES OF DAVID S. BARMAK, LLC

_____
David S. Barmak,
Attorney for Plaintiffs-Relators

Dated: February 24, 2010

**Law Offices of David S. Barmak, LLC**
Suite 103 #400
1330 Route 206
Skillman, NJ 08558
Attorney for Plaintiffs-Relators

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. TIFFANY VOLPE, KEN MAILLY and BARRY INGLETT,**<br><br>Plaintiffs,<br><br>vs.<br><br>**ALLIANCE HAND AND PHYSICAL THERAPY, INC.,**<br><br>Defendant. | Civil Action No. 08-CV-5481 (DRD)<br><br>**AFFIDAVIT OF COUNSEL IN SUPPORT OF MOTION** |

**DAVID S. BARMAK**, of full age, being sworn and upon his oath says:

1. I am the attorney for the Plaintiffs-Relators in the within matter, I am familiar with all of the facts contained herein and I am authorized to make this affidavit.

2. On or about November 7, 2008 I filed a complaint on behalf of the Plaintiffs-Relators under the Federal False Claims Act alleging false and improper claims

for payment made to CHAMPUS/TRICARE and other federally funded health programs. The complaint was filed under seal pursuant to 31 USCA § 3729 et seq.

3. On January 12, 2009, the Office of the United States Attorney advised, in writing, that the United States Government declined to intervene in the matter. A copy of the correspondence received from the United States Attorney's Office is attached hereto as Exhibit A.

4. On January 16, 2009, the complaint was unsealed.

5. Numerous communications with representatives of the United States Attorney have been unsuccessful in attempting to resolve the issues in this matter.

6. My clients have now advised that they no longer wish to pursue this matter owing to the time and costs of litigation and the difficulties of proofs and have instructed me to dismiss the within cause of action.

7. Despite my clients' instructions, the control of this case remains with the United States Attorney pursuant to the foregoing statute and the United States Attorney has not consented to the request to dismiss.

8. Pursuant to 31 USCA § 3730 (3), my clients have the "right" to proceed with this action, but have chosen to abandon their efforts in this case.

9. I make this affidavit in support of the Plaintiffs-Relators' application to dismiss the within matter.

10. The foregoing statements made by me are true to the best of my knowledge and belief and that if any are willfully false, I am subject to punishment.

LAW OFFICES OF DAVID S. BARMAK, LLC

David S. Barmak,
Attorney for Plaintiffs-Relators

Sworn to and subscribed before me this 24th day of February, 2010

RHONDA L. DUER
A Notary Public of New Jersey
My Commission Expires 5/26/2013

# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*
*Civil Division*

970 Broad Street, Suite 700
Newark, New Jersey 07102

(973) 645-270
(973) 645-284
Fax: (973) 297-2010

January 12, 2009

David S. Barmak, Esq.
Law Offices of David S. Barmak, LLC
188 Tamarack Circle
Skillman, NJ 08558

Re:   United States *ex rel.* Tiffany Volpe, Ken Mailly and Barry Inglett v. Alliance Hand and Physical Therapy, Inc.
      <u>Civil Action No.: 08-5481 (DRD)</u>

Dear Mr. Barmak:

The United States is declining to intervene in this case. I thought it would be helpful to remind you of certain provisions in the False Claims Act and to advise you of certain policy considerations that may assist you in litigating or settling this case. While the United States is not a litigant to the underlying action, the United States remains the real party in interest, entitled to the majority of any damages and penalties recovered on its behalf. 31 U.S.C. 3730(d). Therefore, please note the following:

1. <u>Decision to decline intervention</u>

Our decision to decline should not be construed as a statement about the merits of the case. Indeed, the United States retains the right to intervene at a later date upon a showing of good cause. 31 U.S.C. § 3730(c)(3).

2. <u>Discovery</u>

In most cases, if you wish to obtain discovery from the United States, you will need to issue a formal discovery request. The United States is a third party for discovery purposes, and thus any request for documents or deposition testimony should comply with the applicable rules for servicing third party discovery requests on the United States, including any appropriate agency's "Touhy regulations" (see, for example, 32 C.F.R. § 97.6 (Department of Defense)). The Government will object to requests for admissions or answers to interrogatories. The Government also may assert any appropriate privileges in response to any discovery request.

3. <u>Service of Pleadings</u>

When the United States submits its notice of declination, it will invoke its statutory right, 31 U.S.C. § 3730(c)(3), to receive copies of all pleadings filed by the litigants. Accordingly, please be sure to send a copy of all documents filed with the Court to me.

4. <u>Amended Complaint</u>

If an amended complaint is filed that differs substantively from the original complaint, it should be filed under seal and should not be served upon the defendant, pursuant to the False Claims Act's provisions on initiating actions, 31 U.S.C. § 3730(b)(2). Such an amended complaint would initiate a new sixty-day seal period as to the new matters raised in the amended complaint, subject to extensions, during which the United States would conduct an investigation and elect whether to intervene in and proceed with the action. Substantive amendments to an original complaint that would trigger a new sixty-day investigatory period include any new allegations of fraud or the addition of defendants not named in the complaint.

5. <u>Settlement</u>

The parties can dismiss this action only with the consent of the Department of Justice. 31 U.S.C. § 3730(b)(1). Thus, a settlement of this case requires the consent of this Office. Accordingly, we recommend that once the subject of settlement is raised, the parties should notify the United States' counsel and keep the United States informed as discussions progress.

With regard to settlement, we have the following comments:

a. The United States will not agree to dismissal with prejudice of False Claims Act liability (or other potential United States actions) unless the United States is receiving a recovery.

b. The United States will review the reasonableness of all proposed settlement amounts. Many false claims actions include a count for wrongful employment discrimination pursuant to 31 U.S.C. § 3730(h). Where a settlement addresses both damages to the United States and to the relator, we are careful to ensure that the United States is receiving its fair share of the total settlement amount.

c. 31 U.S.C. § 3730(d)(2) provides that if False Claims Act liability is found, the defendant shall be directly liable to the relator for reasonable expenses and attorney fees and costs. If a settlement is to address this issue, the defendant and relator should agree on the amount and provide for payment directly from the defendant to the relator. The United States will review this amount to ensure that it is reasonable.

d. The False Claims Act provides that in a declined *qui tam* case, the relator shall receive 25 to 30 percent of the proceeds of the action. 31 U.S.C. § 3730(d)(2). (Under certain

circumstances, the award may be less than 25 percent. 31 U.S.C. § 3730(d)(3).) The agreement on a percentage is a matter to be addressed by the United States and the relator - or the court if agreement cannot be reached. Agreement with the United States on the relator's share can be part of the settlement agreement with the defendant or the United States and the relator can deal with this issue separately. When we agree on the appropriate relator's share of any settlement proceeds, the relator must agree to release all claims against the United States arising from the filing of the *qui tam*. Normally, payment of damages will be made to the United States. If the relator's share is resolved as part of the settlement, the parties can arrange for the relator to receive his or her share directly from the defendant. If defendant's payments to the United States are to be over time, payment of the relator's share also will have to be over time.

  e. The United States has several strict requirements regarding the contents of its False Claims Act settlement agreements. We can send you sample copies of settlement agreements if you request. Generally, note the following:

    1. Our releases are narrow. A relator may only negotiate to release False Claims Act claims. The relator has no authority with respect to any other causes of action the United States might have against the defendant. We will release the defendant only for civil monetary liability for the specific allegations of the complaint.

    2. The agreement must contain language that (1) the settlement does not release the defendant from claims arising from the Internal Revenue Code; (2) the settlement does not release the defendant from suspension or debarment action; (3) the defendant may not charge back to the United States directly or indirectly any of the costs or expenses of the litigation. Depending on the type of case, other mandatory language may be required.

  I hope that providing you with these guidelines will facilitate any negotiations and help avoid an agreement between the parties that the United States cannot support. I will provide you with executed copies of the Notice of Election to Decline Intervention and Order of the Court unsealing the case. If you have any questions, you may call me at the above number.

              Very truly yours,

               RALPH J. MARRA, JR.
               Acting United States Attorney

By:             
         ALEX KRIEGSMAN
         Assistant U.S. Attorney

**Law Offices of David S. Barmak, LLC**
Suite 103 #400
1330 Route 206
Skillman, NJ 08558
Attorney for Plaintiffs-Relators

---

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA <u>ex rel.</u> TIFFANY VOLPE, KEN MAILLY and BARRY INGLETT,<br><br>Plaintiffs,<br><br>vs.<br><br>**ALLIANCE HAND AND PHYSICAL THERAPY, INC.,**<br><br>Defendant. | Civil Action No. 08-CV-5481 (DRD)<br><br>**PROOF OF SERVICE** |

---

On February 24, 2010, I, the undersigned, Rhonda L. Duer, Paralegal, did serve via FedEx the Notice of Motion to Dismiss *Qui* Tam Complaint returnable April 5, 2010 along with the Affidavit in Support of Motion and a form of Order on:

      Alex Kriegsman, Assistant U.S. Attorney
      U.S. Department of Justice
      970 Broad Street, Suite 700
      Newark, NJ 07102

      John R. Dineen, Esq., Attorney for Defendant
      Netchert, Dineen & Hillman, Esqs.
      294 Harrington Avenue, Suite 3
      Closter, NJ 07624

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: February 24, 2010

*[signature]*
RHONDA L. DUER, Paralegal

**Law Offices of David S. Barmak, LLC**
Suite 103 #400
1330 Route 206
Skillman, NJ 08558
Attorney for Plaintiffs-Relators

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. TIFFANY VOLPE, KEN MAILLY and BARRY INGLETT,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIANCE HAND AND PHYSICAL THERAPY, INC.,<br><br>Defendant. | Civil Action No. 08-CV-5481 (DRD)<br><br>**ORDER TO DISMISS**<br>***QUI TAM* COMPLAINT** |

**THIS MATTER** having come before the Court upon the application of the Plaintiffs-Realtors, David S. Barmak appearing, and opposition, if any, having been considered by the Court, and the Court having reviewed the documents on file, and for good cause shown, it is on this _____ day of April, 2010, **ORDERED**

1. That the Complaint in the within matter be, and same is, DISMISSED with prejudice and without costs to either party; and it is further **ORDERED**

2. That a copy of this Order be served on all parties within _____ days from the date hereof.

                                                                                    _____

                                                                                                     , J.S.C.